## ANDERSON v. SOUTHERN RY.

1. CHARGE AS TO PROXIMATE CAUSE complained of is not error when construed in connection with whole charge, as Judge evidently spoke of it as nearest to injury in effect and not in point of time.
2. MASTER AND SERVANT—APPLIANCES—TOOLS.—CHARGE that the master must furnish the servant with safe and suitable tools and appliances and with an adequate force of hands to do the work in a safe manner, states a correct principle of law.
3. IBID.—RISKS.—It is duty of master to employ competent servants, and servant does not assume risk of incompetent fellow-servant.

Before J. E. McDONALD, special Judge, York, December, 1903.    Affirmed.

Action by Pinckney Anderson against Southern Railway. From judgment for plaintiff, defendant appeals.

*Messrs. C. P. Sanders* and *C. E. Spencer,* for appellant.

*Messrs. Wilson & Wilson,* contra.

No arguments furnished reporter.

February 21, 1905.    The opinion of the Court was delivered by

MR. JUSTICE GARY.    This is an action for damages arising from injuries sustained by the plaintiff, while in the employment of the defendant, alleged to have been caused by the negligence of the defendant in failing to furnish suitable appliances and a sufficient force of hands to perform the work required of the plaintiff by the defendant.    The answer of the defendant denied the material allegations of the complaint, and set up the defense of contributory negligence.

The jury rendered a verdict in favor of the plaintiff.    The defendant appealed upon exceptions, the first three of which are as follows:

"Because his Honor, in defining proximate cause, erred in instructing the jury as follows:

"1. 'Now, the proximate cause of anything, gentlemen, means the nearest cause. It does not mean the remote cause. It means the nearest, the immediate cause; that cause in which there is nothing intervening between it and the damage or injury complained of. It is the direct, immediate and proximate cause of whatever occurs.' And in connection with this definition, and in reference to the contributory negligence of the plaintiff, in charging the jury: 'Now, gentlemen, as I charge you, the negligence of the. defendant will not give the plaintiff the right to a recovery, unless that negligence is the proximate cause of the injury. So, in regard to contributory negligence, unless that contributory negligence, or whatever negligence may be alleged to be contributory negligence, is the proximate cause, the contributing cause, unless it contributes as a proximate cause to the injury, why, then, it is not a defense. The plaintiff might be guilty of negligence in certain particulars, but that negligence might have nothing to do with the injury as a proximate cause. Before contributory negligence can become a matter of defense, it must contribute to the negligence of the defendant as a proximate cause of the injury, just like the negligence of the defendant must be the proximate cause of the injury.' The error being, as it is respectfully submitted, in instructing the jury and in leading them to believe that the contributory negligence of the plaintiff could not be a defense, unless it was the act of negligence which was nearest in point of time with nothing intervening between it and the injury.

"2. In instructing the jury, substantially, that while the contributory negligence of a plaintiff, if established, would be a good defense, yet if such contributory negligence was not in point of time the nearest to the injury, it could not be a defense, even though it concurred and combined with the negligence of the defendant in bringing about the injury.

"3. Because his Honor erred in instructing the jury that the contributory negligence of the plaintiff, before it could be

a good defense, must be nearest to the injury; whereas, it is respectfully submitted, the negligence of a plaintiff is a good defense if it aids or helps as an efficient cause, whether it be nearest to the accident or not."

There are two reasons why these exceptions cannot be sustained. In the first place, the language of his Honor, the presiding Judge, will be found to be free from error, when it is considered in connection with the entire charge. In the second place, the charge evidently had reference to nearness in the effect of the act causing the injury, and not to the time when it was committed.

The fourth exception was abandoned.

The fifth exception is as follows: "5. Because his Honor erred in instructing the jury, 'if from the testimony you find that the defendant has been guilty of negligence, and that the negligence was the proximate cause of the injury to the plaintiff, which they admit, then your next inquiry will be as to the question of damages. Your next inquiry will be what amount of damages you will award the plaintiff, if you find he is entitled to damages from the evidence.' The error being, as it is respectfully submitted, that in this charge his Honor instructed the jury that if the evidence showed that the defendant was negligent, the verdict should be in favor of the plaintiff, without regard to the question of contributory negligence on his part." This exception cannot be sustained for the reason that the Circuit Judge, in other portions of his charge, instructed the jury fully upon the question of contributory negligence.

The sixth exception is as follows: "6. Because his Honor erred in instructing the jury that the master must furnish the servant with 'safe and suitable tools and appliances, and also furnish him with an adequate force of hands to do the work in a safe manner; and if he fails in that duty, then he has not come up to the measure of duty imposed upon him by the law.' The error being, as it is respectfully submitted, that this instruction overlooked the

rule of law which only requires the master to furnish his servants with reasonably safe and suitable tools and appliances, and with such a force as would enable him to do the work in a reasonably safe manner; thereby fixing a higher standard of care than the law fixes, and making this standard imperative upon the master." The charge stated a correct principle of law. *Hicks* v. *Ry.,* 63 S. C., 559, 41 S. E., 753. If the defendant desired further explanation of this principle, requests to that effect should have been presented.

The remaining exceptions are as follows: "7. Because his Honor erred in not charging the fourth request of the defendant, to wit: 'An employee of the railroad company assumes all the risks usually incident to his employment arising from the incompetence, ignorance or negligence of his fellow-servants who are engaged in the same department of labor on the same work with him.' And in instructing the jury in connection with this request as follows: 'I do not think the master can escape liability if he employs incompetent or ignorant servants.' The error being, as it is respectfully submitted, that his Honor's refusal of this charge, in connection with the language used by him in such refusal, was calculated to lead the jury to believe that the master would be liable if he employed an incompetent or ignorant servant, without proof on the part of the plaintiff that he was negligent in so doing.

"8. Because his Honor erred in refusing the fourth request of the defendant, and in using language in connection therewith which was calculated to lead the jury to believe, that even if a master used reasonable care in the employment of servants, if such servants proved to be ignorant or incompetent, the master would be liable. Thereby overlooking the rule of law which requires the plaintiff to prove by the preponderance of the evidence that the master was negligent in the employment or oversight of such servants.

"9. Because his Honor erred in refusing to charge defendant's ninth request, as follows: 'If a master employs a

force of hands which are ordinarily sufficient to perform the work his servants are engaged in, and a fellow-servant is injured while they are performing such work on account of one of them becoming weak or unable to carry on this work, or through his negligence, incompetence or ignorance, the master is not liable for such injuries.' The error being, as it is respectfully submitted, that this request embodied a sound proposition of law, applicable to this case, and overlooked the principle of law which requires the plaintiff to show negligence on the part of the master in the employment of his servants, and which was calculated to lead the jury to believe that the burden of proof was on the master to show that he used due care in the selection of such servants."

It is the duty of the master to employ *competent* servants, and if he fails in this respect, there is *prima facie* evidence of negligence on his part. While a servant assumes the risk ordinarily incident to his employment, including the negligence of a fellow-servant, he does not assume risks arising from the selection of incompetent servants. This principle is fully discussed in the case of *Hicks* v. *Ry., supra,* and disposes of the foregoing exceptions.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.