8268

LAWRENCE v. ATLANTIC COAST LINE R. R. CO.

1. "CASE."—A statement of the evidence not submitted to respondent for approval or correction should not be inserted in a "Case."

2. MASTER AND SERVANT.—THE INSTRUCTIONS given in this case by giving requests of plaintiff and defendants as to the liability of the master for not furnishing a safe place and in not employing competent servants when construed as a whole did not give the jury conflicting and irreconcilable propositions of law.

Before COPES, J., Sumter, November term, 1911. Affirmed.

Action by Shelley Lawrence against Atlantic Coast Line Railway Co., Benjamin Colly and C. M. Gregg. Atlantic Coast Line Railroad Co. appeals.

*Messrs. Mark Reynolds* and *Lucian W. McLemore,* for appellant, cite: *Charge gave the jury conflicting propositions of law as to liability of master:* 70 S. C. 325; 61 S. C. 488; 19 S. C. 492, 510; 26 Cyc. 1293, 1295; 11 Ency. P. & P. 145; 38 Cyc. 1604; 46 Cen. Dig., secs. 564-566; 19 Dec. Dig., sec. 243; Key No. Series Am. Dig., sec. 243. *Verdict is not based on the preponderance of the evidence.* 41 N. E. 365.

*Mr. L. D. Jennings,* contra, cites: *It is duty of master to furnish reasonably safe and suitable machinery:* 71 S. C. 58; 84 S. C. 288.

July 22, 1912.   The opinion of the Court was delivered by

MR. JUSTICE FRASER.   Appellant's argument thus states the case: "Plaintiff-respondent, employed by defendant-appellant as brakeman, while attempting to uncouple certain cars in the freight train upon which he was working, was at Orangeburg, South Carolina, on June 7, 1910, injured under circumstances concerning which there is conflict in the evidence.   Thereafter, on October 6, 1910, this action was commenced to recover damages in the sum of twenty-five thousand dollars upon allegations of negligence and wilfulness in the several particulars described in the complaint.   Appellant answered denying generally the allegations of the complaint, and alleging respondent's contributory negligence and his acceptance of relief department benefits as affirmative defenses.   The case was tried before his Honor, Judge Robert E. Copes, and a jury at Sumter, on November 10, 1911, resulting in verdict for plaintiff of twenty-five hundred dollars.   The case is before this Court on the exceptions appearing in the record." ·

The appellant was required by order of Court to withdraw the statement in "the case" upon which Exceptions 1, 2, 6, 7 and 8 were based, and, therefore, these exceptions were abandoned.   It seems that appellant and respondent agreed to make an agreed statement and appellant, being pressed for time, did not submit the statement to respondent.   It is not to be inferred from this action of the Court that it requires the printing of the testimony (sometimes hundreds of pages of entirely useless testimony) instead of a short statement of it.   The statement here was stricken out because it was "ex parte."   The appellant said that the statement was true in every word.   This Court does not doubt it.   A statement may be true in every word and still unfair.   We do not intend to intimate that this statement was unfair.   It was *ex parte* and, therefore, excluded.

The appellant consolidated the third, fourth and fifth exceptions, as follows:

"The remaining exceptions, Nos. 3, 4 and 5, complain of error in the charge, in that, first, his Honor charged plaintiff's seventh request with a slight and unimportant modification, containing, as we hope to show, an utterly unsound principle of law; second, that his Honor, on his own motion, charged the jury practically to the same effect; third, that although his Honor charged defendants' third request, yet he nevertheless destroyed its effect by charging plaintiff's seventh request and by the portion of the charge already mentioned as being in consonance with this seventh request. Not only was appellant deprived of its right to have the jury properly instructed upon the questions covered by its third request, but the case was submitted to the jury under the charge, embracing conflicting and irreconcilable propositions of law."

"His Honor first charged the jury as follows:

" 'Now, it is the duty of the master, as he employs servants, to employ competent servants—reasonably safe and competent servants, and if a person is injured on account of the master's failure to employ competent servants, if by reason of incompetency a servant is injured, and that failure causes the injury, the master would be liable.'

"The jury were next charged defendants' third request:

" 'It is the duty of a railroad company to furnish reasonably safe and suitable appliances for the use of its employees, and a reasonably safe and suitable place to perform the same, and it is liable only for negligence in failing to perform this duty. It is not an insurer of the safety of its employees, but it is liable only for negligence. The law does not require it to furnish the most improved and newest appliances, but only requires that it shall furnish those which a reasonably careful person would provide under the same or similar circumstances.' .

"His Honor, however, subsequently reiterated the instruction first given, and, as we contend, accentuated the error therein, by granting plaintiff's seventh request and giving it to the jury with the slight modification already referred to:

" 'It is the duty of the master to furnish reasonably safe and suitable appliance to enable the servant to perform his work, and if injury result to the servant, without negligence on his part, on account of the failure of the master to perform this duty to the servant, then the master is liable for such injury, if such failure is the proximate cause of the servant's injury.' "

The charge must be considered as a whole and when so considered, the exceptions cannot be sustained. His Honor commenced his charge proper with a definition of negligence. He then, at the defendants' request, charged the jury that the defendant was only liable for negligence.

Then in defendants' third request he again told the jury, "it is liable only for negligence to perform its duty." Then his Honor, on his own account, charged as follows:

"So, gentlemen of the jury, if the evidence satisfies you by its preponderance that the defendants, or any one or more of them, were guilty of negligence in any respect— in one or more of the respects alleged in the complaint, and that that negligence was the direct and proximate cause of plaintiff's injury, then it would be your duty to find for the plaintiff; but, gentlemen of the jury, if, on the other hand, the evidence satisfies you that the plaintiff himself was negligent, and that his own negligence was the direct and proximate cause of his injury, then it would be your duty to find for the defendant. Or, if you find that the plaintiff was guilty of contributory negligence, in the sense in which I have defined it to you, that is, if you find that the plaintiff was negligent, and that the defendant was also negligent, and those two acts of negligence combining and concurring and moving together brought about the disaster as the

proximate cause thereof, then, gentlemen of the jury, in that event it will be your duty to find for the defendants."

These are not "conflicting and irreconcilable propositions of law."

In *Anderson* v. *Ry.*, 70 S. C. 492, 493, 50 S. E. 202, this Court says:

"The sixth exception is as follows: '6. Because his Honor erred in instructing the jury that the master must furnish the servant with safe and suitable tools and appliances, and also furnish him with an adequate force of hands to do the work in a safe manner; and if he fails in that duty, then he has not come up to the measure of duty imposed upon him by the law. The error being, as it is respectfully submitted, that this instruction overlooked the rule of law, which requires the master to furnish his servants with reasonably safe and suitable tools and appliances, and with such a force as would enable him to do the work in a reasonably safe manner; thereby fixing a higher standard of care than the law fixes, and making this standard imperative upon the master.' The charge stated a correct principle of law. *Hicks* v. *Ry.*, 63 S. C. 559, 41 S. E. 753. If the defendant desired further explanation of this principle, requests to that effect should have been presented."

In this case the defendant desired a fuller statement. Requested it and the request was granted.

These exceptions are overruled.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

Mr. Justice Woods *absent*.